## JOHNNY D. LUKE V. STATE.

No. 26,907. March 31, 1954.

*Martin & Shown*, by *Fred D. Bonin*, Houston, for appellant.

*William H. Scott*, District Attorney, *King C. Haynie*, Assistant District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for aggravated assault; the punishment, one year in jail.

The injured party was the former wife of the appellant. He had obtained a divorce from her in 1951. At the time of the alleged offense, they were common law husband and wife. The injured party testified that on the date alleged appellant came into her bedroom and, while she lay asleep, struck and beat her with a pistol. As a result of the injuries inflicted, she was hospitalized for two weeks.

Notwithstanding appellant's strong defense of alibi, the testimony of the injured party supported the jury's verdict.

About two years prior to the alleged attack, the injured party had been convicted in Federal court of possessing marijuana, a narcotic, and served a sentence in Federal prison.

Testifying as a witness in his own behalf, appellant denied that he assaulted the prosecutrix and that, at that time, he was at a different place.

Upon cross-examination, appellant was interrogated by the state relative to his wife's conviction for the possession of marijuana. He was then asked, "Do you remember in 1951 sending her out to buy marijuana cigarettes for you?" To that question appellant objected, and his objection was sustained. Appellant insists that the form of the question carried with it not only the implication but assumed that he did, in fact, send his wife to buy marijuana cigarettes for him, thereby violating the Narcotics Act, Art. 725b, Vernon's P. C., a felony.

Whether the asking of the question was or was not error need not be determined, for we have reached the conclusion that the prompt action of the trial court in sustaining the objection thereto relieved the matter of reversible error.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.